UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY DARTY, | Case No. 2:24-cv-2192-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner, a prisoner at Folsom State Prison, brings this action under section 2254. ECF No. 1. However, his claims appear non-cognizable for two reasons. First, he was convicted and sentenced in 2010, more than fourteen years before this action was filed. Thus, it appears untimely. Second, petitioner appears to have already raised the validity of this conviction and received an adverse ruling in this district. For these reasons, I will dismiss the petition with leave to amend, so that petitioner may explain why this action should still proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

1

1  petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);
2  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

3      Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas
4  claims must be brought within one year of the state conviction being finalized.  28 U.S.C.
5  § 2244(d)(1).  Here, even with tolling, it seems unlikely that petitioner's claims based on a 2010
6  conviction can be deemed timely.  In his amended complaint he may explain why his claims are
7  timely or why they should proceed in spite of their untimeliness.

8      Petitioner has also had claims related to this conviction adjudicated in a case brought in
9  2013, *Darty v. Soto*, 2:13-cv-02572-TLN-AC.  There, his petition was denied on the merits, *id.* at
10 ECF Nos. 24 & 31.  His appeal of that denial was unsuccessful.  *Id.* at ECF No. 37.  "AEDPA
11 generally bars second or successive habeas petitions."  *Balbuena v. Sullivan*, 970 F.3d 1176, 1190
12 (9th Cir. 2020).  Exceptions to this rule exist for claims that were not presented in the first
13 petition and that either turn on a new rule of constitutional law made retroactive on collateral
14 review or claims that turn on newly discovered evidence that shows a high probability of actual
15 innocence.  *Id.*  Regardless, before filing a successive petition, petitioner must obtain permission
16 to do so from the relevant court of appeals.  Petitioner does not indicate that he has done so in this
17 instance.

18     I will dismiss the petition and give petitioner leave to amend so that he may explain why
19 this action should still proceed.

20     Accordingly, it is hereby ORDERED that:

21     1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

22     2. The petition, ECF No. 1, is DISMISSED with leave to amend.

23     3. Within thirty days from service of this order, petitioner shall file either (1) an amended
24 petition or (2) notice of voluntary dismissal of this action without prejudice.

25     4. Failure to timely file either an amended petition or notice of voluntary dismissal may
26 result in the imposition of sanctions, including a recommendation that this action be dismissed
27 with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

28     5. The Clerk of Court shall send petitioner a habeas petition form with this order.

1
2  IT IS SO ORDERED.
3
4  Dated:  January 17, 2025                    /s/ Jeremy Peterson
                                              JEREMY D. PETERSON
5                                             UNITED STATES MAGISTRATE JUDGE

3